UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH STANFILL #879012,

    Plaintiff,

                                                    CASE No. 1:24-cv-148

v.

                                                    HON. ROBERT J. JONKER

C/O ROGER MORFORD,

    Defendant.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation (ECF No. 39) and Defendant's Objection to the Report and Recommendation (ECF No. 40). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Defendant's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends denying Defendant's Motion to Dismiss (ECF No. 22) in part because Defendant is not entitled to qualified immunity on Plaintiff's Eighth Amendment claims.[1] (ECF No. 39, PageID.165). Defendant asserts that the Magistrate Judge incorrectly applied Sixth Circuit caselaw when analyzing qualified immunity. (ECF No. 40, PageID.169) More specifically, Defendant asserts that Sixth Circuit caselaw does not clearly establish that sexual assault allegations of the nature alleged by Plaintiff are Eighth Amendment violations. (*Id.*). The Court disagrees.

The Sixth Circuit has previously recognized that sexual abuse of prisoners can be a clearly established Eighth Amendment violation, "even in the absence of physical touching by a guard." *Rafferty v. Trumbull County*, 915 F.3d 1087, 1097 (6th Cir. 2019). It is true that " 'isolated, brief, and not severe' instances of sexual harassment do not give rise to Eighth Amendment violations." *Id.* at 1095-96. But in *Rafferty*, the court denied qualified immunity to a prison guard who, on multiple occasions, forced the inmate to expose her breasts and masturbate in the guards' presence. *Id.* at 1092. Here, the facts are similar. In both cases, the prison guard forced an inmate to expose themselves in the guard's presence. Although the alleged facts here do not describe multiple instances of sexual harassment, as described in *Rafferty*, the facts go beyond *Rafferty* in that Plaintiff, under threat of being shipped "up north" away from family, was forced to touch the officer's genitalia and perform a sexual act. As the Magistrate Judge properly concluded, after *Rafferty*, "it would be clear to a reasonable officer" that forcing an inmate to expose themselves

---

[1] The Magistrate Judge also recommends dismissing Plaintiff's Equal Protection claim. Neither party has objected to this. (ECF No. 39, PageID.160-61).

and perform a sexual act under threat of being sent away from family was unlawful, regardless of the number of times it happened. *Rafferty*, 915 F.3d at 1097. As such, the Magistrate Judge properly concluded that the alleged Eighth Amendment violation is clearly established, and Defendant is not entitled to qualified immunity.[2]

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 39) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 22) is **GRANTED IN PART** and **DENIED IN PART.**

Dated:   November 20, 2025          /s/ Robert J. Jonker

ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

---

[2] Defendant also objects to the Magistrate Judge's ruling on damage claims, but acknowledges binding authority supporting the Magistrate Judge's decision. (ECF No. 40, PageID.169-70). But that is not this Court's practice. This Court previously explained that: